IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA C. ARMSTEAD,

        Interested Party,

and

STATE OF NEW MEXICO,

        Plaintiff,

v.                                                                                         No. 1:22-cv-00747-KK

UNITED STATES,

        Respondent.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE AND ORDER TO CURE DEFICIENCY

**THIS MATTER** comes before the Court on Brenda C. Armstead's Petition to Enforce Nuclear Rights to New Mexico, Doc. 1, filed October 7, 2022 ("Complaint").

Armstead, who is proceeding *pro se*, filed this action as an "interested party" on behalf of the State of New Mexico.  Armstead asserts that the atomic bomb was developed in New Mexico, claims New Mexico has been denied patent rights for the nuclear technology which is being used by other countries, and asks the Court to "forward [this action] to the ICC to enforce payment and permission from every country wanting to use nuclear technology and power from" New Mexico. Complaint at 3, ¶ 10.

**Jurisdiction**

Armstead's Complaint does not contain a statement of the grounds for the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).  As the party seeking to invoke the jurisdiction of this Court, Armstead bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson,* 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited

jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). The Court orders Armstead to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Armstead asserts the Court has jurisdiction over this action, Armstead must file an amended complaint which contains factual allegations supporting jurisdiction.

**Asserting Claims on Behalf of State of New Mexico**

Armstead seeks relief on behalf of the State of New Mexico but is not a licensed attorney authorized to practice in this Court. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). The Court orders Armstead to show cause why the Court should not dismiss the claims Armstead is asserting on behalf of New Mexico.

**Order to Cure Deficiency**

Armstead has not paid the $402.00 fee[1] for instituting a civil action or filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Application"). Armstead shall have twenty-one (21) days from entry of this Order to either pay the $402.00 fee or file an Application. Any papers that Armstead files in response to this Order must include the civil cause number (No. 1:22-cv-00747-KK) of this case.

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i) Armstead shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for the reasons stated above and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) Within 21 days of entry of this Order, Armstead shall either pay the $402.00 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Failure to timely pay the fee or file an Application may result in dismissal of this case.

(iii) The Clerk shall send to Armstead, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**