IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA C. ARMSTEAD,

    Interested Party,

and

STATE OF NEW MEXICO,

    Plaintiff,

vs.                                                                                                                                                         No. CIV 22-0747 JB/KK

UNITED STATES,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under rule 12(b)(6) of the Federal Rules of Civil Procedure, on (i) the Interested Party's Petition to Enforce Nuclear Rights to New Mexico, filed October 7, 2022 (Doc. 1)("Complaint"); (ii) the Interested Party's Compliance to this Court to Show Cause and Order to Cure Deficiency, filed October 20, 2022 (Doc. 4)("Response"); and (iii) the Letter from Brenda C. Armstead to the Clerk of Courts (dated October 17, 2022), filed October 20, 2022 (Doc. 5)("Letter").  Interested Party Brenda C. Armstead appears pro se.  For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim.

**PROCEDURAL BACKGROUND**

Armstead filed this action as an "interested party" on Plaintiff State of New Mexico's behalf.  Complaint ¶ 3, at 1.  Armstead alleges:

    4.    Santa Fe, New Mexico, was the responsible location where the Atomic Bomb was produced . . . .

> 5. This action and technology made the United States, NM, the Atomic leader of the World and the entire World, especially Russia, China, North Korea, Iran, Iraq, Saudi Arabia, want to win this race.
>
> 6. This technology is extremely valuable and costly and interested party, Brenda C. Armstead, is most certain, that New Mexico, United States, has been denied Patent Rights to this technology.
>
> 7. This means that each country using this nuclear technology owes New Mexico, United States, a financial settlement for being allowed to use that technology . . . .
>
> 10. This action needs to be forwarded to the ICC to enforce payment and permission from every Country wanting to use nuclear technology and power from NM, US.

Complaint ¶¶ 4-10, at 2-3.

The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies Armstead that

> Armstead seeks relief on behalf of the State of New Mexico but is not a licensed attorney authorized to practice in this Court. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Memorandum Opinion and Order to Show Cause and Order to Cure Deficiency at 2, filed October 11, 2022 (Doc. 3)("Order"). Magistrate Judge Khalsa also notifies Armstead that the "Complaint does not contain a statement of the grounds for the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1)." Order at 1. Magistrate Judge Khalsa orders Armstead to show cause why the Court should not dismiss: (i) the claims Armstead asserts on New Mexico's behalf; and (ii) this action for lack of subject-matter jurisdiction. See Order at 3 (ordering Armstead to file an amended complaint).

Magistrate Judge Khalsa also notifies Armstead that she has not paid the $402.00 fee[1] for initiating a civil action, and has not filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)("Application").  <u>See</u> Order at 2.  Magistrate Judge Khalsa orders the Clerk to send to Armstead an Application, and orders Armstead either to pay the $402.00 fee or to file an Application.  <u>See</u> Order at 3 ("Failure to timely pay the fee or file an Application may result in dismissal of this case.").

In her Response to Magistrate Judge Khalsa's Order, Armstead states

1.      It is Ordered that:

(iii) The Clerk shall send to Armstead together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

The Clerk is negligent and in contempt of this order.  No Application has been sent to Armstead.[2]

2.      Any destructive action involving nuclear technology being used by other countries, is now the liability of this Court if they fail to act

Support: Russia and North Korea are both involved in nuclear destruction that is affecting the world.  This court is liable to their actions.

3.      Asserting claims on Behalf of State of New Mexico: Page 2 -- Paragraph 2 -- Armstead seeks relief on behalf of the State of New Mexico but is not a licensed attorney authorized to practice in this Court.  "A litigant may bring his own claims to federal court without counsel but not the claims of others."  Due to Nuclear Technology being used by other countries as the issue to this cause, Armstead is in agreement to the Court's action of dismissing this cause to be addressed by the International Court.  The fact this court has filed this action is support of incompetence by this court since they claim no jurisdiction.

---

[1]The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, <u>see</u> 28 U.S.C. § 1914, and a $52.00 administrative fee.

[2]The docket indicates that the Clerk's Office mailed an "Application to Proceed without Prepaying Fees" to Armstead, with a copy of Magistrate Judge Khalsa's Order, on October 12, 2022 (text-only entry, no docket number).

       4.       Order to Cure Deficiency: This is the liability and contempt of the Clerk of Courts for not advising Armstead of the $402.00 filing fee or sending Armstead per Court order (Long Form – Application).

       5.       U.S. Magistrate Judge Kirtan Khalsa has not obtain [sic] Armstead's consent, State of New Mexico, consent, or the consent of the U.S. to this cause to issue any orders, making this order Null and Void.

       6.       An amended complaint will not be forth coming for the above listed reasons.

Response ¶¶ 1-6, at 1-2.

Armstead also sent the Letter to the Clerk of Court, stating:

       1.       Case on file your court: Armstead and N.M. vs U.S. because of the sensitive nature and importance and this court assigned a Case No., gives this Court International Jurisdiction and basis to address anyone mis-using nuclear technology or energy.

       2.       Those parties in vio: Russia N. Korea

       3.       Further, this also gives every U.S. Fed. Ct. International Jurisdiction and these can assist your ct to discipline and stop Russia and North Korea, China maybe a solution to stop this destructive behavior.

Letter at 1. Armstead has not paid the $402.00 fee, has not filed an Application, and has not filed an amended complaint.

## **LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of

any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A district court should not dismiss a pro se complaint under rule 12(b)(6), unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Haines v. Kerner, 44 U.S. 519, 596 (1972)). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is ""'"patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001)(quoting Hall v. Bellmon, 935 F.3d at 1110).

## ANALYSIS

Having reviewed carefully the Complaint and the relevant law, the Court will dismiss this case with prejudice for failure to state a claim. Armstead cannot bring claims on New Mexico's behalf, because Armstead is not a licensed attorney authorized to practice in the Court. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d at 1321 ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). The Complaint does not assert any claims on Armstead's behalf.

Magistrate Judge Khalsa, after notifying Armstead that Armstead cannot bring claims on New Mexico's behalf, ordered Armstead to show cause why the Court should not dismiss those claims and to file an amended complaint. See Order at 3. The deadline to amend was November

1, 2022.  See Order at 3.  Armstead's Response to Magistrate Judge Khalsa's Order does not show cause why the Court should not dismiss the claims that Armstead asserts on New Mexico's behalf.  Instead, Armstead states that she "is in agreement to the Court's action of dismissing this cause . . . .  An amended complaint will not be forth coming for the above listed reasons."  Response at 2.  Armstead has not filed an amended complaint.  The Court, therefore, will: (i) dismiss with prejudice Armstead's claims on New Mexico's behalf, pursuant to rule 12(b)(6); (ii) dismiss with prejudice the Complaint; and (iii) dismiss with prejudice this case.

**IT IS ORDERED** that: (i) Interested Party Brenda C. Armstead's claims on New Mexico's behalf are dismissed with prejudice; (ii) the Petition to Enforce Nuclear Rights to New Mexico, filed October 7, 2022 (Doc. 1), is dismissed with prejudice; and (iii) this case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Brenda C. Armstead
Albuquerque, New Mexico

   *Interested Party pro se*